IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JESSIE EARL MUMPHREY, JR. § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | |
| § | NO. 3-09-CV-1816-N |
| RICK THALER, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division § | |
| § | |
| Respondent. § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Jessie Earl Mumphrey, Jr., a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

A jury convicted petitioner of aggravated assault with a deadly weapon. Punishment, enhanced by two prior felony convictions, was assessed at 50 years confinement. His conviction and sentence were affirmed on direct appeal. *Mumphrey v. State*, No. 05-07-00132-CR, 2007 WL 4157132 (Tex. App.--Dallas, Nov. 26, 2007, pet. ref'd). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Mumphrey*, WR-71,994-01 (Tex. Crim. App. Jun. 17, 2009). Petitioner then filed this action in federal district court.

II.

Petitioner raises three broad issues in six grounds for relief. Succinctly stated, petitioner contends that: (1) he received ineffective assistance of counsel at trial; (2) he received ineffective

assistance of counsel on appeal; and (3) the trial court failed to instruct the jury on the issue of self-defense.

A.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Id.* at 2067.

Where, as here, a state court has already rejected a claim of ineffective assistance of counsel, a federal court may grant habeas relief only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1); *see also Threadgill v. Quarterman*, No. 3-05-CV-2217-D, 2009 WL 2448499 at *5 (N.D. Tex. Aug. 10, 2009) (citing cases) (holding that both prongs of the *Strickland* test present a mixed question of law and fact that is reviewed under section 2254(d)(1)). A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 1519-20, 146 L.Ed.2d 389 (2000). A decision constitutes an "unreasonable application" of clearly established federal law if

"the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523; *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). Factual determinations made by the state court are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Threadgill*, 2009 WL 2448499 at *5 (citing cases). This presumption applies not only to explicit findings of fact, but "it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Threadgill*, 2009 WL 2448499 at *5, *quoting Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001), *cert. denied*, 123 S.Ct. 106 (2002).

On federal habeas review, the district court reviews "only the ultimate decision of the state court, and not the specific contents of its reasoning or opinion." *Blanton v. Quarterman*, 543 F.3d 230, 236 (5th Cir. 2008), *cert. denied*, 129 S.Ct. 2383 (2009). When the Texas Court of Criminal Appeals denies post-conviction relief without written order on findings of the trial court, the federal habeas court "(1) assumes that the state court applied the proper 'clearly established Federal law'; and (2) then determines whether its decision was 'contrary to' or 'an objectively unreasonable application of that law." *Threadgill*, 2009 WL 2448499 at *5, *quoting Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 1156 (2004).

1.

Petitioner criticizes his lawyer for failing to challenge for cause two jurors who allegedly were biased against him. At the conclusion of her voir dire examination, the prosecutor asked if any member of the venire had a reason why they could not serve as a juror in the case. (*See* SF-III at 35). One panel member, Debora Ann Williams, said that she worked in law enforcement for a number of years, had attended the police academy, and currently worked in corrections. (*Id.* at 35-36).

Although Williams did not believe her experience in law enforcement would necessarily "cloud" her judgment, she thought her background might "have an influence on it." (*Id.*). Neither the prosecutor nor defense counsel asked Williams any follow-up questions. Another venire member, Holli Hilborn Brock, disclosed that she had a friend or relative who is a highway patrolman in Arkansas. (*Id.* at 44). Brock also revealed that she once filed a police report with Terrell Police Detective Walter Newell, who testified at trial on behalf of the state, in connection with the theft of her property. (*Id.* at 17, 45). No further questions were asked of Brock on this subject. Defense counsel did not challenge Williams or Brock, either peremptorily or for cause, and both served on the jury. (*See id.* at 73).[1] Petitioner now contends that the failure to challenge these jurors for cause amounted to ineffective assistance of counsel.

Decisions made by an attorney during voir dire are considered to be matters of trial strategy. *See Teague v. Scott*, 60 F.3d 1167, 1172 (5th Cir. 1995). To prove that counsel was ineffective for failing to strike a potential juror, a petitioner must demonstrate that his lawyer was "obligated [ ] to use a [ ] for-cause challenge" because the juror was biased. *See Virgil v. Dretke*, 446 F.3d 598, 610 (5th Cir. 2006). Bias may be either actual or implied. *Solis v. Cockrell*, 342 F.3d 392, 395 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 1149 (2004) Actual bias exists where a juror has expressed a fixed opinion indicating "that they could not judge impartially the guilt of the defendant[,]" or "render a fair and impartial verdict based on the evidence." *Chavez v. Cockrell*, 310 F.3d 805, 811 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 1501 (2003) (internal quotation marks omitted). Implied bias exists only in "extreme situations," such as when a juror was "apprised of such inherently prejudicial facts

---

[1] Defense counsel successfully challenged two jurors for cause, including one who said he probably would give more weight to the testimony of a police officer "just because they are a police officer[.]" (SF-III at 67). The trial court rejected a defense challenge to another juror who initially stated he would give more weight to the testimony of a police officer, but later clarified that "[i]f the facts were brought out that they were not credible or something, then I--I wouldn't." (*Id.* at 68-71).

about the defendant that the court deems it highly unlikely that the juror can exercise independent judgment, even if the juror declares to the court that he or she will decide the case based solely on the evidence presented." *Solis*, 342 F.3d at 396-97 (internal quotation marks omitted).

The state habeas court found that neither Williams nor Brock were biased against the defense and, therefore, were not subject to a challenge for cause. *Ex parte Mumphrey*, WR-71,994-01, Tr. at 358, ¶ 4. To obtain federal habeas relief, petitioner must rebut that finding by clear and convincing evidence. *See White v. Quarterman*, 275 Fed.Appx. 380, 381, 2008 WL 1859628 at *1 (5th Cir. Apr. 25, 2008), *cert. denied*, 129 S.Ct. 494 (2008), *citing* 28 U.S.C. § 2254(e)(1). No such showing is made here. Unlike the cases cited by petitioner in his brief, there is no evidence that Williams or Brock could not be fair and impartial. *Cf. Virgil*, 446 F.3d at 613 (finding actual bias where two jurors "unequivocally expressed that they could not sit as fair and impartial jurors"); *United States v. Nell*, 526 F.2d 1223, 1228-30 (5th Cir. 1976) (having twice explained his feelings about the negative influence of labor unions, juror said that his second statement "just reiterates my prejudice against the thing"); *Hughes v. United States*, 258 F.3d 453, 456 (6th Cir. 2001) (juror admitted he could not be "fair" because of his relationship with a law enforcement officer). Williams said that her experience in law enforcement would not "cloud" her judgment, although it might "have an influence on it." (*See* SF-III at 36). Brock never even hinted that her relationship with an Arkansas highway patrol officer might prevent her being a fair and impartial juror. (*Id.* at 44). The facts of this case are more analogous to other Fifth Circuit decisions where the court found insufficient evidence of juror bias. *See, e.g. White*, 2008 WL 1859628 at *2-4 (counsel was not ineffective for failing to challenge for cause a juror who said that his past association with a sexual assault victim would probably have "some influence" on his ability to reach a decision, but did not say that he could not be fair and impartial); *Green v. Quarterman*, 213 Fed.Appx. 279, 281, 2007

WL 43418 at *1 (5th Cir. Jan. 8, 2007) (same as to failure to challenge jurors who indicated that either they or relatives had been victims of crimes, but went on to say that they could be impartial and decide the case on the facts). Other than his speculative belief that further questioning by defense counsel may have shown that Williams and Brock were biased against him, petitioner offers nothing to overcome the presumption of correctness attached to the state court findings. This ground for relief should be overruled. *See Williams v. Johnson*, No. 3-01-CV-0474-P, 2001 WL 1326449 at *7 (N.D. Tex. Oct. 15, 2001) (unsubstantiated assertions do not merit habeas relief).

2.

Next, petitioner contends that his attorney was ineffective for allowing the prosecutor to elicit prejudicial and "bolstering" evidence about the amount of blood found at the crime scene and on the victim. The record shows that such evidence came from only two witnesses--Sergeant Miles Hanks and James Parks. On direct examination, the prosecutor asked Hanks to describe the house where the victim was found. Hanks responded:

> Upon initial approach it was pretty quiet outside. Nothing really showing. We walked up to the house and knocked on the door and was met by a witness there at the door and you could hear a woman kinda sobbing off to the side. As I walked through the door I saw the victim there holding a knife in her hand.
>
> Q. [BY PROSECUTOR]: Where was she located?
>
> A. [BY HANKS]: She was just to the right as you go through the front door, kinda over between the dining room area and the kitchen area.
>
> Q. And how was she holding the knife?
>
> A. Just down to her side.
>
> Q. Was there any blood on that knife that you recall?

> A. No blood on that knife. When I went through the door, there was blood on the carpet and she had blood all over her.
>
> * * * *
>
> Q. Where all was there blood in the house?
>
> A. On the carpet just inside the front door, and then all over her, off to where she was standing.
>
> * * * *
>
> Q. Did she have any blood on her?
>
> A. Yes, all over.
>
> Q. Where was it?
>
> A. All over. All of her upper torso.
>
> Q. Was there any blood flowing from her?
>
> A. Yes, there was.
>
> Q. How bad was the blood flowing?
>
> A. It was pretty thick actually. It was running down her chest and arms. There was some on the back of her head and neck.

(SF-IV at 14-15). Although defense counsel objected to one answer as non-responsive, (*see id.* at 14), he did not object that the prosecutor's questions constituted improper bolstering. Nor did counsel object when the prosecutor asked Hanks how much blood he found in the living room area, (*see id.* at 18), or when James Parks testified that he observed "a lot" of blood oozing from the victim. (*See* SF-V at 38). The state habeas court found that this testimony, which covered only a few lines on two pages of a 300-page trial transcript, was properly admitted as "direct evidence of serious bodily injury, an element of the charged offense." *Ex parte Mumphrey*, WR-71,994-01, Tr. at 356, ¶¶ 15-16. The court went on to conclude that counsel was not ineffective for failing to raise a

bolstering objection. *Id.*, Tr. at 359, ¶ 5. Petitioner offers no evidence, much less clear and convincing evidence, to rebut that finding. Consequently, this ground for relief should be overruled.

3.

Petitioner also faults his attorney for failing to subpoena Barbara Fletcher, who allegedly would have testified that the victim once shot at her with a shotgun. "[C]omplaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). To prove that counsel was ineffective for failing to call a witness, "the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Id.* Here, there is no evidence that Fletcher was available to testify at petitioner's trial and would have done so. Without such evidence, petitioner is not entitled to habeas relief.

C.

In two related grounds, petitioner contends that he received ineffective assistance of counsel on appeal because his attorney did not challenge: (1) the admission of prejudicial and "bolstering" evidence; (2) the jury array of 10 women and two men; and (3) the prosecutor's voir dire examination and questioning of witnesses regarding the range of punishment. "The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir.), *cert. denied*, 110 S.Ct. 419 (1989); *see also Jones v. Barnes*, 463 U.S. 745, 751-53, 103 S.Ct. 3308, 3313-14, 77 L.Ed.2d 987 (1983). Instead, counsel is obligated only to raise and brief those issues that are believed to have the best chance of success. *See Schaetzle*, 343 F.3d at 445; *United States v. Williamson*, 183 F.3d 458, 462-63 (5th Cir. 1999).

In order to prove ineffective assistance of appellate counsel, a petitioner must show that the decision not to raise an issue on appeal fell below an objective standard of reasonableness. *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000), *citing Strickland*, 104 S.Ct. at 2064. This reasonableness standard requires counsel "to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful." *Id., quoting Williamson*, 183 F.3d at 462-63.

Defense counsel raised a single non-frivolous issue on direct appeal--that the trial court failed to instruct the jury on the issue of self-defense. Although counsel did not raise the additional claims suggested by petitioner, none of those claims have any merit. The court has already determined that the admission of evidence regarding the amount of blood found at the crime scene and on the victim does not entitle petitioner to post-conviction relief. There is no reason to believe that petitioner's conviction would have been reversed had the same claim been raised on direct appeal. *See Coker v. Thaler*, ___ F.Supp.2d ___, 2009 WL 3849647 at *9 (N.D. Tex. Nov. 16, 2009) (appellate counsel was not ineffective for failing to appeal conviction on grounds that were considered and rejected on federal habeas review).

Nor was appellate counsel ineffective for failing to challenge the jury array. Although petitioner alleges that this attorney objected to the jury array during voir dire, the court is unable to locate any such objection in the record. Without a timely objection, counsel could not raise this issue on appeal. *See Lockett v. State*, No. 05-90-01300-CR, 1991 WL 165191 at *2 (Tex. App.--Dallas, Aug. 29, 1991, no pet.) (failure to timely request a jury shuffle waives any error on appeal). Moreover, the jury array of 10 women and two men referenced by petitioner mirrors the composition of the 12-member jury that was empaneled to hear this case. *See Ex parte Mumphrey*, WR-71,994-

01, Tr. at 188.[2] Texas law does not permit a defendant to object to the composition of the jury after the jurors are selected. Rather, such a challenge must be made *prior* to voir dire in the form of a motion to shuffle the jury panel. *See Ex parte Daigle*, 848 S.W.2d 691, 691 (Tex. Crim. App. 1993), *citing* TEX. CODE CRIM. PROC. ANN. art. 35.11 (Vernon 2006). Because petitioner had no right to "shuffle" the 12-member jury, any appeal on that ground would have been frivolous.

With respect to the prosecutor's voir dire examination and questioning of witnesses on the range of punishment, the state habeas court found:

> Since the applicant elected for the jury to assess punishment, it was proper for the prosecutor to examine the venirepanel on the full range of punishment, including whether the veniremembers could consider an increased punishment if it was shown that the applicant has a prior felony conviction; therefore, counsel was not ineffective for failing to object, on appeal, to the prosecutor's question.
>
> * * * *
>
> Since evidence of the applicant's prior behavior on parole and the details of his prior convictions were relevant to the jury's assessment of punishment, the evidence was admissible, and therefore, counsel was not ineffective for failing to object, on appeal, to the prosecutor's line of questioning.
>
> * * * *
>
> Elicitation of the applicant's prior sentence for burglary was relevant to punishment, and therefore, admissible . . . And because the evidence was already admitted via judgments, the applicant has not shown counsel was ineffective for failing to object, on appeal, to the prosecutor's questioning during punishment.

*Ex parte Mumphrey*, WR-71,994-01, Tr. at 360-61, ¶¶ 8-10. These findings, none of which are even mentioned by petitioner in his federal writ, are dispositive of this ground for relief.

---

[2] The court notes that the venire consisted of 63 jurors--32 women and 31 men. *See Ex parte Mumphrey*, WR-71,994-01, Tr. at 179-81. Petitioner does not appear to argue that the venire should have been shuffled--only the jury empaneled to hear the case. (*See* Pet. Mem. at 17-18).

D.

Finally, petitioner complains that the trial court failed to instruct the jury on the issue of self-defense. Under the law in effect at the time the offense was committed, the use of deadly force was justified only if a reasonable person in the defendant's situation would not have retreated. *See* TEX. PEN. CODE ANN. § 9.32(a)(2) (Vernon 2003); *Reece v. State*, 683 S.W.2d 873, 874 (Tex. App.--Houston [14th Dist.] 1984, no pet.) (defendant who had opportunity to retreat not entitled to self-defense instruction).[3] The state appeals court determined that petitioner was not entitled to an instruction on self-defense because "by [his] own account, after his former girlfriend injured his hand and ran from him, he chose to follow her to the house rather than to retreat. No longer in imminent danger from the girlfriend, he stabbed her multiple times with a steak knife, causing wounds so deep he broke the knife inside her." *Mumphrey*, 2007 WL 4157132 at *2. Although petitioner now argues that he ran into the house to get away from his girlfriend, not to chase her, (*see* Pet. Mem. at 24), nothing in the record supports such an inference. This ground for relief should be overruled.

**RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1);

---

[3] Effective September 1, 2007, section 9.32 of the Texas Penal Code was amended to eliminate subsection (a)(2), which permitted the use of deadly force only "if a reasonable person in the actor's situation would not have retreated[.]" The revised statute clarifies that:

> A person who has a right to be present at the location where the deadly force is used, who has not provoked the person against whom the deadly force is used, and who is not engaged in criminal activity at the time the deadly force is used is not required to retreat before using deadly force as described by this section.

Acts 2007, 80th Leg., ch. 1, § 3, eff. Sept. 1, 2007, *codified at* TEX. PENAL CODE ANN. § 9.32(c) (Vernon Supp. 2009).

FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 19, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE